**DEBORAH M. SMITH**
**Acting United States Attorney**

**Eve C. Zamora**
**Special Assistance U. S. Attorney**
**101 12ᵗʰ Avenue, Room 310**
**Fairbanks, Alaska 99701**
**Telephone: (907) 353-6561-6510**
**Fax: (907) 353-6501**
**MN Bar: 0297859**
**eve.zamora@us.army.mil**

**Attorneys for the Plaintiff**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | No. 4:06-CR-00021-TWH |
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| **KEVIN JOSEPH PICKETT**, | |
| Defendant. | |

Pursuant to Rule 11(c)(1)(A) and (C), Federal Rules of Criminal Procedure, this memorandum confirms the complete plea agreement between the United States and KEVIN JOSEPH PICKETT. No other agreement, understanding, or promise exists between these parties. The parties expressly agree this agreement is entered into and is to be controlled by Fed R. Crim Pro. 11(c)(1)(c).

### The Defendant's Promise

The Defendant agrees to plead guilty to: COUNT I – Operating a Vehicle While Intoxicated in violation of AS § 28.35.030, as assimilated into federal law by operation of 18 U.S.C. § 13. The maximum punishment for COUNT I, a Class A Misdemeanor, is 1 year imprisonment, a $4000.00 fine, and a $25 special assessment.

The defendant has read and fully understands the nature and elements of the crime charged in the Information, and the terms and conditions of this plea agreement, and will advocate the disposition agreed to herein. The defendant withdraws all previous pleas to enter a plea of guilty to the charge of operating a vehicle while intoxicated.

The defendant understands this agreement binds only the undersigned parties and no other Federal, state, or local authority. The defendant acknowledges no promises have been made regarding any civil or administrative or immigration consequences resulting from this plea of guilty.

## The Government's Promise

In exchange, the government agrees to dismiss the one count information presently pending in this case that charges the defendant with: COUNT II - Driving While License Revoked, in violation of Alaska Stat. § 28.15.291 as assimilated into federal law by operation of 18 U.S.C. § 13.

## Elements

The United States must prove each of the following elements beyond a reasonable doubt for Count I that: 1. the Defendant drove a motor vehicle upon Fort Wainwright, Alaska, a military post within the jurisdiction of the United States; 2. the Defendant drove a motor vehicle while under the influence of an alcoholic beverage, intoxicating liquor, inhalant, or any controlled substance, singly or in combination; 3. as determined by a chemical test taken within four hours after the alleged operating or driving, there is 0.08 percent or more by weight of alcohol in the Defendant's blood or 80 milligrams or more of alcohol per 100 milliliters of blood, or if there is 0.08 grams or more of alcohol per 210 liters of the Defendant's breadth.

## Sentence Recommendation

Both parties agree that, under § 2X5.1 of the Federal Sentencing Guidelines, no sufficiently analogous guideline exists for the offense of operating a vehicle while intoxicated.

Pursuant to 18 U.S.C. § 3553(b), both parties agree an appropriate sentence in this case is:

1)      One year probation with the special condition that the defendant serve Sixty (60) days at the North Star Correctional Center;

2)      Substance Abuse treatment and testing;

2)      $1200.00 fine; and,

2)      $25 special assessment.

Both parties agree the sentence reflects the seriousness of the offense, will promote respect for the law, and will provide a just punishment.

## Factual Basis for the Plea

Both parties agree the factual basis for the offense is as follows. On the 14th day of November, 2005, at Fort Wainwright, Alaska, a military reservation in the District of Alaska acquired for the use of the United States and under the concurrent jurisdiction; thereof, the Defendant, KEVIN JOSEPH PICKETT, did unlawfully operate or drive a motor vehicle while under the influence of an alcoholic beverage. At 0740 hours, the Defendant drove a motor vehicle through the main gate on Gaffney Road. Upon approaching the gate, Chenega Guard, Erroll Tibbets directed the Defendant to pull to the side where Military Police Officer, SPC Matthew Dean Holley engaged him in order to check his identification. The Officer requested the Defendant step out of the vehicle after detecting an odor of alcohol. SPC Holley conducted Field Sobriety Tests that the Defendant failed. A breath test was then conducted, which the Defendant failed registering a BRAC of .203.

## Waiver of Rights and Consequences of Plea

I, KEVIN JOSEPH PICKETT, being of sound mind and under no compulsion, threat, or promises, except as previously stated, acknowledge that I have read this plea agreement, that I

understand its terms and conditions, and that the matters set forth herein, including the facts that support my guilty plea, are true and correct.

A.   I wish to enter a plea of guilty to Count I of the Information charging me with Operating a Vehicle While Intoxicated because I am guilty.   I understand the nature and elements of the crime to which I am pleading guilty.   I understand that by pleading guilty I am admitting the allegations against me in the Count to which I am pleading are true.

B.   I acknowledge that I have been advised and understand that by entering a plea of guilty I am waiving, that is giving up, certain rights guaranteed to me.   Specifically, by pleading guilty I knowingly and voluntarily give up the following rights:

- The right to plead not guilty or to persist in that plea if it has already been made;

- The right to a speedy and public trial by a jury both as to guilt or innocence and as to the forfeiture of any money or property;

- The right to object to the composition of the petit jury;

- The right to be presumed innocent and not to suffer any criminal penalty or criminal forfeiture unless and until my guilt is established beyond a reasonable doubt;

- The right to confront and cross-examine witnesses against me, and the right to subpoena witnesses to appear on my behalf;

- The right to remain silent at trial, with such silence no to be used against me, and the right to testify on my own behalf;

- The right to contest the validity of search warrants executed on my property or person;

- The right to appeal or contest, directly or collaterally my conviction, any criminal forfeiture, or any sentence on any ground unless the court imposes a sentence in excess of the

statutory maximum or a sentence that is contrary to the sentencing guidelines or a sentence that violates this plea agreement.

C.  I understand if I were convicted after a trial, I could appeal the conviction; but that pleading guilty, I give up the right to appeal my conviction.

D.  I understand the court may ask me questions about the offense to which I plead guilty.  If I answer falsely under oath, on the record, and in the presence of counsel, my answers may later be used against me in a prosecution for perjury or making a false statement.

E.  I understand it is my attorney's duty to examine the facts of the case and advise me as to what plea I should enter.  I also understand that it is my attorney's duty to abide my wishes. If my attorney refused to do so, I would inform the judge immediately.

F.  I understand anything I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission.  Knowing this, I agree that this agreement may be filed among the papers in my case.

G.  I am completely satisfied with the representation and advice that I have received from my attorney in this case.


_____                    _____

**KEVIN JOSEPH PICKETT,**                          **DATE**
Defendant


As Counsel for the defendant, I have discussed with him the terms of this plea agreement, have fully explained the charge to which he is pleading guilty and the necessary elements, all possible defenses, and the consequences of his plea.  Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and

entering a plea of guilty. I know of no reason to question his competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the Court.


_____                    _____

M.J. HADEN,                                                              DATE
Attorney for Defendant



        DATED this _____ day of _____, 2006.


                    Respectfully submitted,
                    DEBORAH M. SMITH
                    Acting United States Attorney



                    Eve C. Zamora
                    Special Assistant U.S. Attorney
                    101 12th Avenue, Room 310
                    Fairbanks, Alaska 99701
                    Telephone: (907)353-6561/6510
                    Fax: (907) 353-6501
                    MN Bar: 0297859
                    Eve.zamora@us.army.mil